UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CENTER FOR
PAIN MANAGEMENT, PLLC
(JUANITA PETTWAY),

        Plaintiff,

vs.

Case No. 20-CV-11080

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 8)

This case arises out of plaintiff, American Center for Pain Management, PLLC's complaint seeking payment for services allegedly rendered to Jaunita Pettway following a motor vehicle accident. The case is now before the Court on defendant State Farm Mutual Automobile Insurance Co.'s motion for summary judgment. Fed.R.Civ.P.56. Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendant's motion for summary judgment is GRANTED.

## FACTUAL ALLEGATIONS

Non-party Juanita Pettway was involved in a motor vehicle accident on November 5, 2018. At the time of the accident, Pettway was insured by defendant under an automobile policy issued in accordance with the provision of the No-Fault Automobile Insurance Act, MCL § 500.3101, et seq. Pettway sustained bodily injuries and received medical treatment from plaintiff. Plaintiff filed this action against defendant on December 13, 2019 seeking to recover payment for $108,898.30 in medical care and treatment allegedly provided to Pettway between December 13, 2018 and August 19, 2019.

## PROCEDURAL BACKGROUND

Discovery was taken in this case, including the deposition of Dr. Chitra Sinha, the sole owner of plaintiff and the individual most knowledgeable regarding plaintiff's charges for services. On January 15, 2021, defendant filed its motion for summary judgment. The parties then agreed to engage in mediation and the Court ordered that if the case was not resolved, plaintiff's response brief would be due three weeks later. The mediation process did not result in a settlement and plaintiff's response was due by July 30, 2021. (ECF entry by Court on July 9, 2021). Plaintiff did not file a response by the due date.

On August 6, 2021, Court staff emailed plaintiff's counsel to advise the Court on the status of his response. The Court did not receive a response to its email. On August 10, 2021, Court staff called counsel's office and was told that counsel was not in the office and that no message could be taken. On August 10, the Court sent another email to counsel. On August 11 at 2:01 p.m., counsel responded that he had been out of the office for personal reasons and would file a response within 24 hours. On August 11, the Court responded by email that counsel either needed to file a stipulation that opposing counsel agreed to his filing a late response or he had to file a motion for leave of court, and to let the Court know how he proposed to proceed. By August 13, the Court had not heard back from counsel, by email or otherwise, and no further pleadings had been filed by plaintiff.

LAW AND ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable

inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward,* 241 F.3d 530, 531 (6th Cir. 2001).

Here, defendant bears the burden of persuasion in its claim, so to obtain summary judgment its showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for [him]." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984)); *see also Cockrel v. Shelby Cnty. Sch. Dist.,* 270 F.3d 1036, 1056 (6th Cir. 2001) ("[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" (quoting 11 James William Moore et al., *Moore's Federal Practice* § 56.13[1], at 56–138 (3d ed.2000))). In making this determination, the Court views the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the defendants. *Matsushita,* 475 U.S. at 587.

In this case plaintiff has not opposed defendant's dispositive motion, however "the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Allstate Ins. Co. v. Das*, 86 F. Supp. 3d 716, 724 (E.D. Mich. 2015) (quoting *Byrne v. CSX Transp., Inc.,* 541 Fed.Appx. 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.,* 418 Fed.Appx. 374, 381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir. 1991))). "Nonetheless, when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.'" *Id*. at 724-25 (quoting *Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 405 (6th Cir. 1992)). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Id*. at 725 (quoting *Jones v. Kimberly–Clark Corp.,* 238 F.3d 421 (6th Cir. 2000)).

Michigan's No-Fault Act "provides a system of mandatary no-fault automobile insurance, which requires Michigan drivers to purchase personal protection insurance." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, ("AAOP")* 257 Mich. App. 365, 373 (2003), aff'd, 472 Mich. 91 (2005) (citing MCL § 500.3101 *et seq*.). "Under personal protection insurance, an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle." MCL § 500.3105(1). The No-Fault Act provides that personal protection insurance benefits are payable by a no-fault insurer for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation . . . ." MCL § 500.3107(1).

An expense is considered to be incurred when a service has been performed and the insured has an obligation to pay for those services. *Burris v. Allstate Ins. Co.*, 480 Mich. 1081, 745 N.W.2d 101 (2008). The term "incur" means "to become liable for" and liable means "[r]esponsible or answerable in law; legally obligated." *Bombalski v. Auto Club Ins. Ass'n*, 247 Mich.App. 536, 637 N.W.2d 251 (2001). Defendant contends that Pettway has not incurred any cost for plaintiff's services because Dr. Sinha testified that plaintiff never bills its patients and never pursues them for a

difference if less than the full amount is paid by the insurance company. (Sinha dep. pp. 17-18). Plaintiff has not presented any evidence to support a genuine issue of fact that Pettway has actually incurred any costs for its services.

In addition, the No-Fault Act requires that insurers only pay on behalf of insureds "reasonable" charges for products and services. *Douglas v. Allstate Ins. Co.*, 492 Mich. 241, 274-277 (2012). In this regard, the No-Fault Act requires that insurers "challenge the reasonableness of a medical provider's charges and that medical providers should expect no less." *Auto-Owners Ins. Co. v. Compass Healthcare PLC*, 326 Mich. App. 595, 609-10 (2018). Michigan courts have held that "a hospital's itemized bills and records do not, standing alone, satisfy the 'reasonableness' requirement." *Bronson Methodist Hosp v Auto-Owners Ins Co.*, 295 Mich. App. 431, 452 (2012).

At her deposition, Dr. Sinha could not explain why the rates charged were reasonable and testified that plaintiff has never been paid the full amount charged for the services at issue. (Sinha dep., pp. 49-54). Moreover, plaintiff has not produced any evidence to support its contention that its rates are reasonable or to justify charging 90% more than other pain management clinics and healthcare systems in the Metro Detroit area. *See*

Redacted Billing Charge Sheets, ECF No. 8-11, PageID.176; and Tami Rockholt Report, ECF No. 8-12, PageID.180.

Plaintiff has not established a genuine issue of material fact on two of the elements of its claim. Plaintiff has not shown that Pettway incurred any cost for its services and has not submitted any evidence to support its claim that its charges in this case are reasonable. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for summary judgment (ECF No. 8) is GRANTED.

It is so ordered.

Dated:   August 13, 2021

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 13, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---